**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | |
| Plaintiff, | |
| v. | Case No. 16-3108-01-CR-S-MDH |
| **MICHAEL SUTTON**, | |
| Defendant. | |

**MOTION OF THE UNITED STATES FOR PRETRIAL
DETENTION HEARING PURSUANT TO TITLE 18,
UNITED STATES CODE, SECTION 3142(f)**

**COMES NOW** the United States of America, by the United States Attorney for the Western District of Missouri, and does hereby move that the Court order a pretrial detention hearing pursuant to 18 U.S.C. § 3142(f), for the purpose of presenting evidence to determine whether any condition or combination of conditions of release will reasonably assure the defendant's appearance as required by the Court and the safety of other persons and the community. As grounds for the motion, the United States submits that:

1. There is probable cause to believe that the defendant committed two violations of the offense of distribution of a mixture or substance containing a detectable amount of heroin, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C); and a violation of 18 U.S.C. §922(g), being a felon in possession of a firearm;

2. The defendant poses a risk to the safety of others in the community; and

3. The defendant poses a serious risk to flee.

**SUPPORTING SUGGESTIONS**

Subsection 3142(f) provides that a hearing must be held by the appropriate judicial officer to determine whether any condition or combination of conditions will reasonably assure the defendant's appearance and the safety of any other person in the community if the attorney for the

government moves for such a hearing and if the case involves an offense under the Controlled Substances Act (21 U.S.C. § 801, et seq.) for which imprisonment for ten (10) years or more is possible. In this case, the defendant is charged with two counts of distribution of a mixture or substance containing a detectable amount of heroin, crimes for which a term of twenty (20) years imprisonment is possible on each count.

The Government submits that in light of the Indictment filed in this case, there is probable cause to believe the defendant violated 21 U.S.C. § 841(a)(1) and (b)(1)(C). Accordingly, the government suggests that upon a showing that there exists probable cause that the defendant committed the offenses referred to in the Indictment, there is a legal presumption, subject to rebuttal by the defendant, that no condition or combination of conditions will reasonably assure his appearance or assure the safety of the community. *See United States v. Apker*, 964 F.2d 742, 743-44 (8th Cir. 1992); *United States v. Dorsey*, 852 F.2d 1068, 1069-70 (8th Cir. 1988).

Section 3142(e) and (f)(1) provides that a presumption that a defendant will not appear for subsequent court appearances arises if the offense is one enumerated under the Controlled Substance Act as referred to above. Under the Bail Reform Act, there is also a presumption that the likelihood of flight increases with the severity of the charges, the strength of the government's case, and the penalty that conviction could bring. *See Apker*, 964 F.2d at 744; *See also United States v. Soto Rivera*, 581 F.Supp 561 (D.C. Puerto Rico 1984); *United States v. Menster*, 481 F.Supp. 1117 (D.C. Fla. 1979). As set forth above, defendant's statutory sentencing range is currently a term of imprisonment of up to twenty (20) years on Counts 1 and 2.

To further support the Government's contention that the defendant is a risk to the safety of the community and risk to flee, the Government offers that:

- Defendant has prior misdemeanor convictions for no valid operator's license,

- possession of marijuana, domestic assault in the third degree, receiving stolen property, and driving while intoxicated;

- Defendant also has felony convictions for tampering with a service utility, unlawful possession of a concealed firearm, trafficking in controlled substances, possession with the intent to distribute controlled substances, possession of a controlled substance, and unlawful use of a firearm; and

- Defendant was arrested by the Springfield Police Department on September 27, 2016, and also had a firearm in the trunk of the vehicle he was driving at that time.

For the reasons set forth above, the United States requests that a detention hearing be held and that the defendant be denied bail.

Respectfully submitted,

TAMMY DICKINSON
United States Attorney

By  */s/ Josephine M. Larison*
Josephine M. Larison
Missouri Bar No. 63956
Special Assistant United States Attorney
901 St. Louis Street, Suite 500
Springfield, Missouri 65806-2511

### Certificate of Service

The undersigned hereby certifies that a copy of the foregoing was delivered on September 30, 2016, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

*/s/ Josephine M. Larison*
Josephine M. Larison
Special Assistant United States Attorney